Lawrence Brewster, Regional Solicitor
Rochelle Kleinberg, Associate Regional Solicitor
Bruce L. Brown, Attorney
Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br>v.<br>OREGON PALLET REPAIR, INC., a corporation; BRYCE TAYLOR, an individual, and CARLY TAYLOR, an individual<br>Defendants | CIVIL ACTION<br><br>CASE NO.<br><br>**COMPLAINT – Labor (FLSA)** |

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*) (the "Act") to enjoin Defendants from violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act. Plaintiff also and separately brings this action: (1) pursuant to Section 16(c) of the Act, for the recovery of a Judgment against Defendants for unpaid minimum wage and overtime compensation due Defendants' employees and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due; and (2) pursuant to Section 17 of the Act, for the recovery of a Judgment restraining Defendant from withholding payment of unpaid overtime compensation due Defendants' employees.

I

Sections 16(c) and 17 of the Act, and 28 U.S.C. §§ 1331 and 1345 confer jurisdiction of this action upon the Court.

II

Defendant OREGON PALLET REPAIR, INC. is an Oregon corporation with its principal place of business located at 1805 22nd St. SE, Salem, Oregon, within the jurisdiction of this court, where they are engaged in the business of repairing pallets.

III

Defendant CARLY TAYLOR was, at all relevant times, the registered agent, corporate secretary and co-owner of Oregon Pallet Repair, Inc.

IV

At all times relevant to this Complaint, Defendant Carly Taylor was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. §203(d), in that she is a person acting directly or indirectly in the interest of Defendants (employers) in relation to their employees listed on Exhibit A.

V

Defendant BRYCE TAYLOR was, at all relevant times, the corporate president and co-owner of Oregon Pallet Repair, Inc.

VI

At all times relevant to this Complaint, Defendant Bryce Taylor was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. §203(d) in that he is a person acting directly or indirectly in the interest of Defendants (employers) in relation to their employees listed on Exhibit A.

VII

At all times relevant to this Complaint, Defendants employed employees in and about their place of business in ordering, receiving, preparing, storing, handling, and/or selling goods

and materials which have been transported, shipped, or delivered from points outside the State of Oregon; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Oregon; and in using the facilities of commerce. Said employees, by reason of the above activities, were engaged in commerce within the meaning of the Act.

### VIII

At all times relevant to this Complaint, the activities of Defendants referred to above were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act.

### IX

At all times relevant to this Complaint, said enterprise had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, building or otherwise working on goods or materials that have been moved in or produced for commerce, as aforesaid. Said enterprise at all times relevant to this Complaint has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level stated separately). Therefore said enterprise at all times relevant to this Complaint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(a) of the Act.

### X

Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours since June 1, 2004 without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

## XI

Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage

## XII

Defendants violated the provisions of sections 11 and 15(a)(5) of the Act (29 U.S.C. §§ 211 and 215(a)(5)) by failing to make, keep, and preserve records of the persons employed by Defendants, and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by the Act.

## XIII

Defendants violated the monetary provisions of the Act as alleged in paragraphs X and XI above, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation, lost wages, and an equal amount in liquidated damages under Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act; and

(2) For an Order:

    (a) pursuant to Section 16(c) of the Act finding Defendants jointly and severally liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees, and liquidated damages equal in amount to the unpaid compensation

found due Defendants' employees (named in the attached Exhibit "A") or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(b) pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid minimum wage and overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(3) For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 27th day of February 2007.

Jonathan L. Snare
Acting Solicitor of Labor

Lawrence Brewster
Regional Solicitor

Rochelle Kleinberg
Associate Regional Solicitor

Bruce L. Brown
Trial Attorney

WSBA 18844
U.S. DEPARTMENT OF LABOR
Counsel for Plaintiff,
1111 Third Ave., Suite 945
Seattle, WA 98101
Tel: (206) 553-0940
Fax: (206) 553-2768
E-mail: brown.bruce.l@dol.gov